NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-402

SUCCESSION OF GEORGE FISHER

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1294-A
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

AFFIRMED.

**Donald R. Richard, Jr.**
**P. O. Drawer 1370**
**Eunice, LA 70535**
**(337) 457-4116**
**COUNSEL FOR APPELLEE:**
    **Harry Fisher, Exec. of George Fisher**

**Shawn L. Poullard**
**In Proper Person**
**120 Town Home Drive**
**Eunice, LA 70535**
**(337) 654-0860**

**SAVOIE, Judge.**

Shawn Poullard ("Mr. Poullard") appeals the trial court's denial of his petition seeking the removal of Harry Fisher as the executor of George Fisher's estate.

**<u>Procedural and Factual Background</u>**

George Fisher ("Mr. Fisher") died March 10, 2013, in an auto accident. He was not married at the time of his death, and his parents were deceased. Mr. Poullard asserts he is Mr. Fisher's son.[1] On September 25, 2013, the trial court signed an order appointing Mr. Fisher's uncle, Harry Fisher, as "Executor of the estate and succession of George Fisher."[2]

On August 13, 2015, Mr. Poullard, Harry Fisher, and Betty Fisher Anderson (Mr. Fisher's aunt) sought and obtained a consent judgment transferring ownership of certain estate property to Mr. Poullard and ordering Harry Fisher, as "executor," to pay funds related to a wrongful death action arising from Mr. Fisher's auto accident to Mr. Poullard. The consent judgment further ordered that claims that the parties and/or the Estate had filed against each other were to be dismissed with prejudice. On August 21, 2015, Harry Fisher's counsel withdrew as a counsel of record.

---

[1] The record indicates that during the course of these proceedings, Mr. Poullard, as well as Tyrus Murray and Tamika Collins, claimed they were Mr. Fisher's biological children. Pursuant to their request, the trial court ordered DNA testing using Mr. Fisher's blood sample collected following the auto accident to determine paternity. Tamika Collins failed to comply, and the trial court ordered DNA testing to proceed without her. The results of the DNA testing do not appear in the record. However, in a joint motion filed by Mr. Poullard, Harry Fisher, and Betty Fisher Anderson (Mr. Fisher's aunt), the parties state that the trial court had signed a judgment on August 7, 2015, in connection with a separate docket number (13-5512) recognizing that Mr. Poullard was Mr. Fisher's son.

[2] We note that while the pleadings herein use the term "executor," there is no indication that Mr. Fisher died testate. Therefore, the term "administrator" as used in La.Code Civ.P. art. 3091, et. seq. should have been used. However, we will use the terminology used in the pleadings for consistency.

On January 13, 2017, Mr. Poullard filed a Pro-se "Petition for Removal" seeking the removal of Harry Fisher as the executor of Mr. Fisher's estate and the appointment of himself as executor. As grounds for his petition, he asserted that Harry Fisher failed to file a declaration of death contemplated by La.Civ.Code. arts. 54, *et. seq.*[3] prior to being appointed as executor of Mr. Fisher's estate. He further asserted that he did not consent to Harry Fisher's and/or his counsel's use of a copy of Mr. Fisher's death certificate obtained by Mr. Poullard as evidence of Mr. Fisher's death. Therefore, according to Mr. Poullard, Harry Fisher failed to adequately prove Mr. Fisher's death.

The trial court heard the matter on March 10, 2017, at which time Mr. Poullard appeared Pro-se. He argued that Harry Fisher should be removed as executor because he had "failed to prove that [Mr.] Fisher was dead based on sufficient evidence", and specifically that he failed to file a "declaration of death" at the time he sought appointment in accordance with La.Civ.Code arts. 55 and 56. The trial court explained that a declaration of death contemplated by La.Civ.Code arts. 55 and 56 is necessary only where a person is missing and that, in the instant case, it was known that Mr. Fisher had died in an auto accident. Therefore, concluded the trial court, Harry Fisher was not required to obtain a declaration of death, and the information provided in connection with Harry Fisher's petition for appointment as executor was sufficient proof of Mr. Fisher's death. The trial court

---

[3] Louisiana Civil Code article 54 states:

> One who has been an absent person for five years is presumed to be dead. . . . Upon petition by an interested party, the court shall render judgment declaring the death of the absent person and shall determine the date on which the absence commenced and the date of death.

Louisiana Civil Code article 55 states: "The succession of the person declared dead shall be opened as of the date of death fixed in the judgment, and his estate shall devolve in accordance with the law of successions."

2

thereafter signed a judgment dismissing Mr. Poullard's petition. Mr. Poullard appeals. For the following reasons, we affirm.

## ANALYSIS

As we stated in *Succession of LaFleur*, 99-1100 (La.App. 3 Cir. 12/8/99), 752 So.2d 237, 238, *writ denied*, 00-446 (La. 3/31/00), 759 So.2d 74:

> The determination of whether to remove or replace a succession representative is committed to the discretion of the trial court and should not be reversed by the appellate court in the absence of an abuse of that discretion. *Succession of Songne, Sr.,* 94-1198 (La.App. 3 Cir. 11/2/95); 664 So.2d 556. A court may remove any succession representative who is or has mismanaged an estate or failed to perform any duty imposed by law or by order of the court. La.Code Civ.P. art 3182.

In his Pro-Se brief to this court, Mr. Poullard argues that the trial court's denial of his petition for removal was "manifestly erroneous and clearly wrong" because Mr. Poullard was actually first to seek appointment as executor of Mr. Fisher's estate and he was not given notice or an opportunity to be heard prior to the September 25, 2015 order appointing Harry Fisher as executor.[4]

We note that this argument was not raised in connection with the trial court proceedings, but rather is asserted in this court for the first time. "[G]enerally, appellate courts will not consider issues raised for the first time on appeal." *Stephenson v. Van Vleit*, 96-1407, p. 13 (La.App. 3 Cir. 4/30/97), 693 So.2d 858, 866, *writ denied*, 97-1431 (La. 9/19/97), 701 So.2d 174. *See also* Uniform Rules–

---

[4] The record reflects that on March 21, 2013, Mr. Poullard, through attorney Donald Mayeaux, filed a "Petition for Appointment as Executor." However, the trial court did not sign the requested order attached to the petition, noting that the petition failed to establish whether Mr. Fisher died testate or intestate, and that if he died intestate, a detailed descriptive list and security was required. On July 8, 2013, Harry Fisher and Betty Fisher Anderson filed a Pro-se petition seeking appointment as temporary co-administrators of the estate; however, the requested order was also not signed for failure to comply with the applicable procedural requirements. On September 24, 2013, Harry Fisher, through attorney Donald Mayeaux, filed an amended petition seeking appointment as executor, and the order granting his appointment was signed September 25, 2013. Mr. Mayeaux withdrew as counsel for Harry Fisher on December 13, 2013, and attorney Clint Bischoff enrolled.

3

Courts of Appeal, Rule 1-3. Therefore, we decline to consider whether notice of Harry Fisher's September 24, 2013 petition for appointment as executor was required, whether it was provided, or whether it would be an abuse of discretion for the trial court to reject Mr. Poullard's petition on these grounds.

We further find that the trial court properly concluded that a declaration of death contemplated by La.Civ.Code arts. 55-56 was not required and that Mr. Poullard did not present evidence of, or argue the existence of, any grounds for removal provided in La.Code Civ.P. art. 3182.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's ruling in this matter. Costs of this appeal are assessed to Appellant, Shawn Poullard.

**AFFIRMED**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

4